# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN GRIFFIN, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER DANIEL COX #38951 (ET AL); )<br>UNIVERSITY OF PITTSBURGH POLICE )<br>DEPARTMENT; UNIVERSITY OF )<br>PITTSBURGH, )<br>Defendants. ) | Civil Action No. 2:12-430<br>Magistrate Judge Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Before the Court is a Motion to Dismiss (ECF No. 13) Plaintiff Glenn Griffin's civil rights complaint against Defendants, Officer Daniel Cox #38951, the University of Pittsburgh Police Department and the University of Pittsburgh. It is respectfully recommended that the Motion to Dismiss be granted, and that the matter be dismissed with prejudice.

**II.    REPORT**

Plaintiff's Complaint (ECF No. 7) is sparse and unilluminating. He alleges simply that on November 1, 2011, "Officer Cox did act under the color of state law to violate my civil rights under the Constitution of the United States by way of false arrest & imprisonment." Complaint (ECF No. 7), at IV.A. and C. As a result of Defendants' conduct, Plaintiff "would like the Court to rectify the injustice committed against me & allow for compensatory damages." Complaint (ECF No. 7), at VI.

Plaintiff currently resides in the Allegheny County Jail ("ACJ"). Defendants presume that Plaintiff's claim arises from his arrest and detention by Officer Cox on November 1, 2011, for

drug related crimes, for which prosecution is pending. Motion to Dismiss, (ECF No. 13), ¶¶ 5-6. If Defendants' presumption is accurate, Plaintiff's Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994) (prisoner prohibited from seeking relief pursuant to section 1983 for false arrest and imprisonment while awaiting criminal prosecution).

The Court ordered Plaintiff to respond to the Motion to Dismiss by July 9, 2012 and mailed him a copy of the Court order. In the absence of any response, this Court entered an Order to Show Cause (ECF No. 22), directing Plaintiff to show cause by September 7, 2012, why the case should not be dismissed for failure to prosecute, and advising him that failure to comply with the Order "will result in immediate dismissal of this action." *Id*. This Order also was mailed to Plaintiff at his listed address. Plaintiff failed to respond or comply with the Order to Show Cause.

Because Plaintiff failed to respond to the Court's Orders to respond to Defendants' Motion to Dismiss, and because Plaintiff's claim is no doubt precluded by *Heck v. Humphrey*, this matter should be dismissed. The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. *Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). In exercising its discretion, the Court must consider the following six factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

(1) The extent of the party's personal responsibility. There is nothing on the record to suggest that Plaintiff's failure to respond or show cause is anyone's responsibility but his own, and the record indicates that copies of Court orders were mailed to Plaintiff at the ACJ and that he is capable of filing pleadings and documents with the Court. *See e.g.*, Notice to the Court of

Motion for Court Appointed Attorney (ECF No. 18), filed June 18, 2012.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery. There is no particular prejudice asserted, but the longer the delay the harder it is, as a general proposition, to locate witnesses and prepare a defense.

(3) A history of dilatoriness. It's not a long history, but Plaintiff certainly has been dilatory in his response (more accurately, failure to respond at all) to the motion to dismiss and to the rule to show cause.

(4) Whether the conduct of the party or the attorney was willful or in bad faith. There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect" and, given that Plaintiff managed to file other documents and a motion with the Court during the period in which his responses were overdue, leads inevitably to the conclusion that his failure to respond is willful.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions. Plaintiff is a pre-trial detainee proceeding *pro se*. Thus, the imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction.

(6) The merit of the claim or defense. As noted, Defendants' *Heck v. Humphrey* defense would appear to be a complete bar to Plaintiff's claim.

"Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the *Poulis* factors heavily favor dismissal of this action.

Dismissal of the Complaint should be with prejudice, because it does not appear that the

claims raised therein can be amended to state a viable claim, and Plaintiff has disregarded several opportunities to attempt to do so. No other sanction will serve justice. *Mindek, supra; Titus v. Mercedes Benz*, 695 F.2d 746 (3d Cir. 1982).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this matter be dismissed with prejudice for failure to comply with the Court's Orders, and because Plaintiff's claim is affirmatively barred.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are due by September 27, 2012. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:
Glenn Griffin
#94021
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

All counsel registered on ECF